17301

HAL H. ROBERTS, by his guardian ad litem, DeWITT ROBERTS, SR., Appellant, v. M. W. FORE, Respondent

(98 S. E. (2d) 766)

312

*James J. Raman, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Price & Poag* and *Henry P. Willimon,* of Greenville, *for Respondent.*

June 4, 1957.

Moss, Justice.

The appellant, Hal H. Roberts, instituted this action against the respondent, M. W. Fore, asking for actual and punitive damages arising out of the alleged fraudulent breach of a contract.

The complaint alleges that on February 21, 1953, the appellant received from the respondent a letter advising that the appellant had been selected to acquire a full size lot in a subdivision of Greater Greenville, South Carolina. The appellant was advised to present the letter at the sales office of the respondent within eight days so that he could be taken for an inspection of the property and the lot so set aside be pointed out. The appellant was also advised that the cost covering surveying, staking, street work, preparation of the deed and consideration for the lot would be only $57.00. The complaint then alleges that the appellant communicated with the respondent by telephone and was advised that he could get the lot for the aforesaid price. He further alleges that he borrowed the necessary funds from a bank in Gaffney, South Carolina and went to Greenville for the purpose of accepting the offer. He further alleges that when he arrived at the sales office of the respondent and after he had had a discussion with an agent of the respondent, he was advised that the letter was a mistake, and that, thereafter, he employed counsel who communicated with the respondent by letter but respondent totally ignored making any reply thereto.

The respondent demurred to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action, either *ex contractu* or *ex delicto,* and particularly, that it did not state a cause of action for breach of contract accompanied by an act of fraud.

A hearing on the demurrer was held by the Honorable J. Woodrow Lewis, and by order dated November 30, 1956, he sustained the demurrer and dismissed the complaint.

The appellant is before this court on a single exception to the order of the lower court. The exception is as follows:

"That the Court erred in holding that the complaint did not state facts sufficient to constitute a cause of action. The error being that the complaint did state sufficient facts to

constitute a cause of action, namely, fraudulent breach of contract accompanied by a fraudulent act."

In the case of *Calder v. Commercial Casualty Ins. Co.*, 182 S. C. 240, 188 S. E. 864, 866, we said:

"It is a firmly established rule in this state that 'punitive damages are not recoverable for a mere breach of contract. To recover damages of that character, the plaintiff must show that the breach was accomplished with a fraudulent intention, and was accompanied by a fraudulent act.' *Williams v. Metropolitan Life Insurance Co.*, 173 S. C. 448, 176 S. E. 340, 345; *Holland v. Spartanburg Herald-Journal Co.*, 166 S. C. 454, 165 S. E. 203, 84 A. L. R. 1336. The rule also stated to be that acts of willfullness, accompanying the breach of a contract, unless there is fraud also, will not support a claim for punitive damages. *Holland v. Spartanburg Herald-Journal Co.*, supra. It is also held that 'a mere violation of a contract will not support an allegation of fraud.' *Coleman v. Stevens*, 124 S. C. 8, 117 S. E. 305."

We have carefully reviewed the complaint in this action. There is no allegation in the complaint showing any fraudulent act that accompanied the alleged breach of the contract. It was necessary for the appellant, if he conceived that his cause of action was for a breach of the contract accomplished with a fraudulent intention and accompanied by a fraudulent act, for him to make the necessary allegations of fact in his complaint. There is a total failure to make any allegation that would be appropriate to show a fraudulent intention or that the breach of the contract was accompanied by a fraudulent act.

In the case of *Alexander v. DuBose*, 73 S. C. 21, 52 S. E. 786, 789, this court said:

"The court should be liberal in indulging a statement of facts which may be material to the relief sought, in whole or in part. This is especially true when fraud is alleged, as in this case, for, both in law and in equity, it is essential that the facts and circumstances which constitute fraud

should be set out clearly. 9 Enc. Pl. Pr. 684; *Gem Chemical Co. v. Youngblood,* 58 S. C. 59, 36 S. E. 437."

See also the cases of *Four County Agr. Credit Corp. v. Matthews,* 199 S. C. 71, 18 S. E. (2d) 602; *Patterson v. Capital Life & Health Ins. Co.,* 228 S. C. 297, 89 S. E. (2d) 723; and *Lilienthal v. South Carolina Public Service Co.,* 174 S. C. 177, 177 S. E. 98.

It is our opinion that the lower Court correctly sustained the demurrer.

Judgment affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.