20398

Thomas Edward PINCKNEY and Barbara Jones Pinckney, Respondents, v. ORKIN EXTERMINATING COMPANY, Appellants

(234 S. E. (2d) 654)

*Messrs. Harvey, Battey, Macloskie & Bethea*, of Beaufort, *for Appellant,*

*Darrell Thomas Johnson, Jr., Esq.,* of Hardeeville, *for Respondents,*

April 13, 1977.

NESS, Justice:

This is an action for damages to a home due to termites and moisture. Respondent Pinckney was awarded a jury verdict of $5,000.00 actual damages and $4,000.00 punitive damages against the appellant, Orkin. We affirm.

Although the complaint is not reproduced as part of the record, the agreed statement of the case reveals the respondents alleged four causes of action: the first two alleged breach of contract; the third claimed breach of contract accompanied by a fraudulent act; and, the final cause asserted fraud and deceit. Appellant originally proposed three exceptions of error in the trial below:

(1) Error in denying appellant's motion for a directed verdict as to the allegations of gross negligence;

(2) Error in denying appellant's motion for a directed verdict as to the causes of action for fraud and breach of con-

tract accompanied by a fraudulent act; and, (3) Error in refusing to admit into evidence written guarantees issued by the appellant to the respondent.

Appellant has abandoned its first two enumerated exceptions relying solely on the final specification of error. We find it unnecessary to reach the merits of this exception. Pursuant to Rule 4, Section 7, of the Rules of this Court, respondents interposed the following Additional Sustaining Ground:

"The alleged errors of law should not be allowed to overturn the verdict due to the fact that the Trial Judge should have directed a verdict for the Plaintiff on the cause of action for fraud, there being uncontradicted testimony which clearly establishes fraud."

The purpose of Rule 4, Section 7, is to "relieve a respondent who, in the trial court, has obtained a judgment giving him all the relief that he sought, from the necessity of appealing from adverse rulings that did not affect the result of the lower court's decision." *Colonial Life & Accident Ins. Co. v. South Carolina Tax Commission,* 233 S. C. 129, 140, 103 S. E. (2d) 908, 913 (1958). Although we are unable to conclude that respondent was entitled to a directed verdict as a matter of law, the interposition of the Additional Sustaining Ground explains the lack of prejudice of the alleged error.

The award of punitive damages necessarily indicates a jury verdict on one or both of the final two causes because a mere breach of contract would not justify punitive damages. *Roberts v. Fore,* 231 S. C. 311, 98 S. E. (2d) 766 (1957). Appellant has abandoned any allegations of error regarding the cause of action for fraud and exclusion of the warranties would not affect the verdict rendered on that cause. The record reflects ample evidence to sustain the verdict of fraud and a new trial is not justified when the verdict would have been the same even if the alleged error

had not been committed. *Gamble v. Travelers Ins. Co.,* 251 S. C. 98, 160 S. E. (2d) 523 (1968).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.