20828

FREEMAN DODGE, INC., Respondent, v. MCC FINANCIAL SERVICES, INC., Appellant.

(249 S. E. (2d) 897)

*Mitchell, Nelson & Weaver,* Florence, *for appellant.*

*David F. McInnis,* Sumter, *for respondent.*

December 5, 1978.

NESS, Justice:

This action for breach of contract accompanied by fraudulent act was brought by respondent Freeman Dodge, Inc. against appellant MCC Financial Services, Inc.

The jury awarded respondent $1095 actual damages and $12,500 punitive damages. We affirm the actual damage award and reverse the award of punitive damages.

In February of 1974, Freeman Dodge sold a 1974 Dodge Challenger to Walter Gunn. The car was financed through MCC's local office. Appellant and respondent had a Dealer Reserve Agreement, paragraph seven of which provided:

"If any merchandise covered by any Instrument is repossessed by you (MCC), you will offer to sell the merchandise to us (Freeman Dodge) and we may buy the merchandise from you within 5 days after you offer the merchandise to us for such price as you and we may agree upon." (Tr. p. 81).

In early May, MCC repossessed the Dodge Challenger. Approximately one month later, MCC sold the vehicle to another automobile dealer for $2800. At that time, the out-

standing balance due MCC was $3,527.92. After crediting the $2800 to that balance, the remaining $727.92 was applied to respondent's Dealer Reserve Account pursuant to the parties' agreement. Respondent asserts it was damaged an additional $367.08 because a prospective purchaser was willing to pay $3,895.00 for the car.

By failing to offer the Challenger back to Freeman Dodge at the payoff price, MCC breached the Dealer Reserve Agreement. MCC concedes breach of contract and takes no exception to the actual damage award. Accordingly, that portion of the verdict is affirmed.

MCC asserts the trial court erred in failing to direct a verdict in its favor for punitive damages. We agree. While we conclude MCC breached its contract with Freeman Dodge by selling the automobile to another dealer without first offering it to respondent, we fail to discern the fraudulent act which would entitle respondent to punitive damages. Mere breach of contract does not justify an award of punitive damages. *Pinckney v. Orkin Exterminating Co.*, 268 S. C. 430, 234 S. E. (2d) 654 (1977); *Roberts v. Fore*, 231 S. C. 311, 98 S. E. (2d) 766 (1957). Accordingly, we reverse that portion of the verdict awarding respondent punitive damages.

Affirmed in part and reversed in part.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.