0020

CAROLINA BANK AND TRUST COMPANY, Appellant, v. The ST. PAUL FIRE AND MARINE CO., and Peoples Insurance Agency of South Carolina, Inc., Respondents.

(310 S. E. (2d) 163)

Court of Appeals

*D. Kenneth Baker*, Darlington, *for appellant.*

*Bridges, Bridges & Orr,* Florence, and *Belser, Baker, Barwick, Toal & Bender,* Columbia, *for respondents.*

Dec. 12, 1983.

CURETON, Judge:

This is a tort action for breach of a duty of fairness and good faith arising upon the issuance of a banker's fidelity bond. The appellant-insured, Carolina Bank and Trust Company, asserts the circuit court erred in sustaining the demurrers of the respondents, The St. Paul Fire and Marine Company and Peoples Insurance Agency of South Carolina, Inc., because the complaint states a cause of action. We reverse in part and affirm in part.

A demurrer should be sustained only if the complaint, viewed in light most favorable to the plaintiff, fails to allege sufficient facts to state a cause of action. *DeBerry v. McCain,* 275 S. C. 569, 274 S. E. (2d) 293 (1981).

The factual allegations of the Bank's complaint are here set forth: St. Paul, through its authorized agent, Peoples, issued the Bank an employee fidelity bond. In relevant part, the bond provided:

> This bond ... shall be deemed terminated as respects subsequent losses cause by any Employee — [a] as soon as the Insured learns of any fraudulent or dishonest act on the part of such Employee, ..., or [b] at noon of the 15th ... day after receipt by the Insured of written notice of the Underwriter's desire to terminate this bond as to such Employee.

The Bank, learning of its employee's banking irregularities, notified St. Paul through its agent, Peoples. Peoples then wrote the Bank a letter stating that bond coverage on the employee had been suspended by St. Paul. Relying upon Peoples's letter that the employee was no longer bonded as required by State law, the Bank indefinitely suspended the employee pending his reinstatement on the bond.

Thereafter, St. Paul denied that Peoples was authorized to write the letter of suspension. St. Paul refused, however, to respond to the Bank's repeated requests that St. Paul state whether the employee was covered under the bond.

The suspended employee sued the Bank for wrongful discharge. The complaint further alleges that as a consequence, the Bank was forced to spend money in defense of its actions in suspending its employee, and it lost revenues through adverse publicity. These losses were the result of People's misleading letter and St. Paul's refusal to respond to its inquiry. The Bank's claim is premised on the existence of a duty on the part of the injured and its agent to exercise good faith and deal fairly with its insured.

St. Paul contends that the insurer's duty of good faith and fair dealing, recognized by this State in *Nichols v. State Farm Mutual Automobile Ins. Co.*, S. C. 306 S. E. (2d) 616, 1983 and *Richard Carter v. American Mutual Fire Ins. Co.*, S. C. 307 S. E. (2d) 225, 1983, only extends to the performance of obligations arising under the terms of the contract of insurance. St. Paul asserts that it had no contractual obligation to explain the coverage provision to the Bank and therefore owed no duty of good faith.

Generally, any claim or suit by a party to an insurance contract must be based upon the terms of the policy as issued. *Home Indemnity Co. v. Harleysville Mutual Ins. Co.*, 252 S. C. 452, 166 S. E. (2d) 819 (1969). Thus, in the absence of a contractual duty to interpret the provisions of the contract for the insured, the insurer has no such obligation.

The Bank's complaint alleges in the first instance, however, that Peoples voluntarily notified the Bank that the employee's coverage was suspended. In such a situation, the law imposes an obligation upon one who attempts to do an act, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken. *Rogers v. United States*, 397 F. (2d) 12 (4th Cir. 1968). The voluntary assumption by the agent of the duty of advising the Bank created an obligation upon which the law imposes a duty of care. *Lawlor v. Scheper*, 232 S. C. 94, 101 S. E. (2d) 269 (1957).

The obligation to advise, created by the agent acting within the scope of his actual or apparent authority, became the obligation of the insurer. *See Cauthen v. Metropolitan Life Ins. Co.*, 189 S. Ct. 356, 1 S. E. (2d) 147 (1939); *Bayer v. Lutheran Mutual Life Ins. Co.*, 184 Neb. 826, 172 N. W.

(2d) 400 (1969). The construction the agent placed upon the provision of the policy relating to cancellation of coverage bound the insurer. *Cauthen v. Metropolitan Life Ins. Co., supra.* Moreover, the Bank was entitled to rely on the construction if it did not patently conflict with the terms of the policy. *Stivers v. National American Ins. Co.,* 247 F. (2d) 921 (9th Cir. 1957).

The Bank's complaint, viewed against these legal principles, states: St. Paul, through its authorized agent, assumed an obligation to advise the Bank; St. Paul advised the Bank that coverage of the employee was suspended; the Bank indefinitely suspended the employee in reliance on the advice; St. Paul then advised the Bank that the advice it had given the Bank (through its agent) earlier was unauthorized; the Bank repeatedly asked St. Paul for its position on the employee's status with reference to bond coverage; St. Paul continuously refused to respond; and the Bank was forced to defend its suspension of the employee as a result of St. Paul's refusal to answer its inquiry.

The holding of *Nichols v. State Farm, supra,* is that if the insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under the contract, he can recover consequential damages in a tort action. Implicit in the holding is the extension of a duty of good faith and fair dealing in the performance of *all* obligations undertaken by the insurer for the insured. On the facts alleged, we hold that the Bank stated a cause of action against St. Paul for breach of its duty of good faith and fair dealing.

Respondent People's Insurance Agency asserts that the duty of good faith is not imposed upon the agent with whom the insured lacks privity of contract. Authoritative support for the contention is found in *Diane Carter v. American Mutual Fire Insurance Co.,* S. C. 307 S. E. (2d) 227, 1983, the companion case to *Richard Carter, supra.* In *Diane Carter,* the S. C. Supreme Court stated that a cause of action for bad faith refusal to pay benefits due under an insurance policy does not extend to a person who is not a party to or a named insured under the insurance contract. By extension, the duty of good faith in the performance of obligations based on or arising under the contract does not extend to a

person who is not a party to the insurance contract.[1] We therefore affirm the circuit court's sustaining of People's demurrer to the complaint.

Accordingly, the order of the circuit court is affirmed as to that part sustaining the demurrer of Peoples Insurance Agency, and reversed as to that part sustaining the demurrer of St. Paul Fire and Marine Company to the complaint.

Affirmed in part; reversed in part.

SHAW and GOOLSBY, JJ., concur.

---

[1] See *Gruenberg v. Aetna Insurance Co.*, 9 Cal. (3d) 566, 108 Cal. Rptr. 480, 510 P. (2d) 1032 (1973) relied on by our Supreme Court in *Nichols, supra,* where agents of the insurers were released of liability for the tort of breach of duty of good faith and fair dealings because they were not parties to the insurance contract and, thus, no duty of good faith and fair dealings could be implied as between them and the insured.