0937

Sarah S. McLEAN, John T. Johnson and A. F. McLean, Appellants-Respondents v. GODWIN PROPERTIES, INC., Godwin Construction, Inc., and Mack M. Godwin, individually and in his capacities as agent for Godwin Properties, Inc., and Godwin Construction, Inc., Respondents-Appellants.

(357 S. E. (2d) 473)

Court of Appeals

---

*Stanley D. Copeland,* of *Law Offices of O. Fayrell Furr, Jr., P.A.,* Myrtle Beach, *for appellants-respondents.*

*J. Dwight Hudson* and *Lucia B. Bacot,* of *Hudson & Sweeny, P.A.,* Conway, *for respondents-appellants.*

Heard March 17, 1987.

Decided April 27, 1987.

SHAW, Judge:

This case arises from the sale and subsequent repossession of a boat. The appellants-respondents, Sarah S. McLean, John T. Johnson, and A. F. McLean, brought actions for breach of contract, claim and delivery, and conversion. The respondents-appellants, Godwin Properties, Inc., Godwin Construction, Inc., and Mack M. Godwin, individually and in his capacities as agent for Godwin Properties, Inc., and Godwin Construction, Inc., (Godwin) answered and counterclaimed for payment of the promissory note. All of the parties appeal and we affirm.

Sarah McLean purchased a forty-two foot boat from Godwin for $15,000 cash, a lot, and $15,000 to be paid over three years. The contract of sale was signed for Sarah by her son, A. F. McLean, who represented her through a power of attorney. McLean encountered problems acquiring a valid certificate of title to the boat. She refused to make the first annual payment when it became due because she had still not received the title. Shortly thereafter, Godwin repossessed the boat by self-help. Both the McLeans and Johnson, the captain of the boat, claim to have had personal property on the boat when it was taken. McLean obtained an order directing the boat be returned because neither the contract nor the certificate of title reserved a security interest in the boat. This order was affirmed in a separate appeal.[1] The boat was in Godwin's possession for approximately three months.

The cases were consolidated for trial. At the close of the testimony, the trial judge directed a verdict in favor of the McLeans and Johnson as to liability on their claim and delivery actions. He also directed a verdict for Godwin on the counterclaim on the note. The judge submitted to the jury the McLeans' claims for conversion and breach of contract and Johnson's claim of conversion. All other causes of action were dismissed.

The jury found for Godwin on Johnson's claim. However, the jury awarded the McLeans $2,000 actual damages and $500 punitive damages. The judge deducted the jury's verdict from the amount he awarded Godwin on the note and entered judgment in favor of Godwin for $20,428.71.

## A.

The McLeans and Johnson consolidated their appeals and allege the trial court erred in 1) refusing to allow them to withdraw their conversion actions and argue to the jury for damages on their claim and delivery actions, 2) instructing the jury on the law of demand and refusal in a conversion action and in refusing to give a clarifying instruction, 3) denying their motion for a directed verdict on their conver-

---

[1] Godwin waived this issue at oral argument.

sion actions, and 4) directing a verdict for Godwin on the counterclaim on the promissory note.

### (1)

The trial judge granted the McLeans a directed verdict on liability on their claim and delivery actions. The judge refused to then allow them to drop their conversion actions and argue damages as to the claim and delivery actions. The McLeans argue the trial court mistakenly thought possession was the only relief available on the claim and delivery action.

Actual and punitive damages are available in a claim and delivery action. *Manley v. Bailey*, 151 S. C. 366, 149 S. E. 119 (1928); Rule 49(c), S. C. R. C. P. However, the McLeans' attorney acknowledged to the court that damages were the same for claim and delivery and conversion. The jury, after being submitted the breach of contract and conversion actions, awarded the McLeans $2,000 actual damages and $500 punitive damages. The entire damages award cannot be attributed to the breach of contract action because a mere breach of contract will not support punitive damages. *Pinckney v. Orkin Exterminating Company*, 268 S. C. 430, 234 S. E. (2d) 654 (1977). Thus, the jury must have found for the McLeans on their conversion actions.

Therefore, we hold even if the judge committed the alleged error, the McLeans have shown no prejudice.

### (2)

The trial judge included in his charge to the jury the following:

> ... where a person wrongfully acquires the personal property, conversion occurs as of the date of the illegal possession, but in the case of a lawful possession and unlawful disposition, conversion occurs at the disposition, and in the case of a lawful possession with no disposition, conversion occurs *after a demand has been made for the property, and there is a refusal to surrender such property.* (Emphasis added).

The McLeans and Johnson admit the charge is a correct statement of the law, but argue the portion dealing with

demand and refusal was irrelevant and confusing. They argue the charge, coupled with Johnson's testimony he made no demand for the return of his property, resulted in a jury verdict against him.

We find the charge is a clear and succinct statement of the law. It is more likely the jury found against Johnson because it determined he suffered no damages from the loss of use of his property. Such a finding is supported by Johnson's testimony.

Furthermore, the jury verdict, as previously discussed, demonstrates a finding in favor of the McLeans on the conversion action and there is nothing in the record showing they made a demand. Therefore, the jury must have recognized the seizure was wrongful and, thus, no demand was necessary. This was made clear in the jury charge and a jury is presumed to understand the charge. *Coogler v. Thompson*, 286 S. C. 168, 332 S. E. (2d) 215 (Ct. App. 1985).

The argument a clarifying instruction that a demand is not required if a demand would be futile should have been given is not persuasive. There is no real evidence in the record that a demand would have been futile. We hold the trial judge did not err in his charge to the jury.

### (3)

The McLeans and Johnson claim the trial judge erred in failing to direct a verdict in their favor on the conversion actions. They argue Godwin's sole defense was authorized self-help based on a security interest which the court had already ruled did not exist.

We hold any error committed was harmless because it did not affect the result. *Benedict v. Marks Shows*, 178 S. C. 169, 182 S. E. 299 (1935). The McLeans suffered no harm because, as we have already found, the jury found in their favor on the conversion action. Johnson suffered no harm because, as previously discussed, the jury found he suffered no damages.

### (4)

The McLeans allege the trial judge erred in directing a verdict for Godwin on the promissory note. they argue payment on the note was conditional on Godwin providing a valid certificate of title. The note does not contain such a condition.

The McLeans contend this condition may be implied. We disagree and affirm.

## B.

Godwin alleges the trial court erred in submitting the breach of contract action to the jury because the only contract alleged was for the sale of the boat which had been accomplished.

The contract of sale provided:

> Subject to: Survey at mutually agreed marina (Bottom inspection) and all equipment installed in working order.

The McLeans testified they understood this to mean all equipment was to be in working order at the time of sale. Godwin testified this meant the McLeans could inspect the boat and make sure the equipment was in working order.

The McLeans presented testimony that the boat had certain mechanical problems at the time of sale. A trial judge must deny a motion for a directed verdict and submit a question to the jury if more than one reasonable inference can be drawn from the evidence. *Whisenant v. James Island Corporation*, 277 S. C. 10, 281 S. E. (2d) 794 (1981).

Given the parties' different understandings of the meaning of the contract language and the evidence of certain mechanical problems, we hold the trial judge did not err in denying Godwin's motion for a directed verdict.

Affirmed.

GARDNER and BELL, JJ., concur.