1110

Keith I. COMER, Jr., Appellant v. TANDY CORPORATION, a Delaware Corporation, Respondent.

(367 S. E. (2d) 436)

Court of Appeals

. . *Patrick E. Knie, Knie, White & Anthony,* Spartanburg, *for appellant.*

*Frank H. Gibbes, III, Rainey, Britton, Gibbes & Clarkson, P.A.,* Greenville, *for respondent.*

Heard Feb. 23, 1988.

Decided March 14, 1988.

SHAW, Judge:

Appellant, Keith I. Comer, Jr., sued respondent, Tandy Corporation, for negligent hiring and retention of David Johnson, an employee of Tandy. From a directed verdict in favor of Tandy, Comer appeals. We affirm.

Comer instituted this action alleging Tandy negligently hired one David Johnson without properly screening him. While employed at one of Tandy's Radio Shack Stores, Johnson staged an armed robbery at the store. Johnson reported the robbery to the police and identified Comer, an innocent party, as the robber. Mr. Comer was charged with the crime but the charges were dismissed within a few days. Johnson, who had a prior criminal record, was later convicted of the crime.

At the close of all evidence, Tandy moved for a directed verdict which was denied. The jury deliberated for several hours, but failed to reach a decision and the trial judge declared a mistrial. Tandy therefore moved for judgment

pursuant to Rule 50(b) of the South Carolina Rules of Civil Procedure. The trial judge granted the motion finding Tandy owed no duty of care to Comer and there was no evidence establishing any negligence on the part of Tandy that was the proximate cause of any injury to Comer. Because we hold Tandy owed no duty of care to Comer under the circumstances of this case, we do not reach the issue of proximate cause.

A cause of action for negligence arises from the concurrence of three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by negligent act or omission; and (3) damage proximately resulting from the breach of duty. *Brown v. South Carolina Insurance Co.*, 284 S. C. 47, 324 S. E. (2d) 641 (Ct. App. 1984). The absence of any of these elements renders the cause of action insufficient. *South Carolina State Ports Authority v. Booz-Allen & Hamilton*, 289 S. C. 373, 346 S. E. (2d) 324 (1986).

In the recent case of *Carter v. Jordan Oil Company, Inc.*, 365 S. E. (2d) 324 (S. C. Ct. App. 1988) this court addressed the issue of duty of care. There it was noted,

> [One] is not required to guard against harm which is not reasonably to be anticipated, or which is so unlikely to occur that the risk, although recognizable, would commonly be disregarded. A duty of care arises only with respect to a danger which is apparent to one in the position of the actor before the harm occurs.

Regardless of Tandy's hiring practice, any possible harm resulting to Comer could not have been reasonably anticipated by Tandy. The danger to Comer in hiring Johnson was not apparent prior to robbery and the trial judge was correct in granting Tandy's motion for judgment.

Affirmed.

CURETON and GOOLSBY, JJ., concur.