473 S.E.2d 52 (1996)
TADLOCK PAINTING COMPANY, Plaintiff/Appellee,
v.
MARYLAND CASUALTY COMPANY, Defendant/Appellant.
No. 24465.
Supreme Court of South Carolina.
Heard April 17, 1996.
Decided July 15, 1996.
C. Mitchell Brown and William C. Wood, Jr., of Nelson Mullins Riley & Scarborough, Columbia; Hugh L. Willcox, Jr., of Willcox, McLeod, Buyck & Williams, Florence; and E. Charles Dann, Jr., of Goodell, Devries, Leech & Gray, Baltimore, Maryland, for defendant-appellant.
John L. Schurlknight, Florence, for plaintiff-appellee.
*53 WALLER, Justice:
The following question has been certified to this Court from the United States Court of Appeals for the Fourth Circuit:
May an insured assert a cause of action on an implied covenant of good faith and fair dealing against his insurance company for consequential damages he allegedly suffered because of the insurance company's bad faith handling of third party claims?

FACTS
Maryland Casualty Company ("Insurer") issued a commercial general liability insurance policy to Tadlock Painting Company ("Insured"), a Darlington, South Carolina company. The claims involved under this policy arose from damages caused to approximately ninety cars during Insured's performance of an industrial painting job in 1990 at a site owned by Cargill, Inc. The paint damage was due to "overspray," which is paint the wind picks up and carries off during spray painting. While Insured was painting at the Cargill job site, overspray paint was deposited over Cargill's employees' cars.
Insured notified Insurer of the claims sometime in October/November of 1990. What followed were months of discussion, both internally within Insurer's business and with Insured, regarding whether Insurer would provide coverage. In March 1991, Insurer sent a letter to Insured stating it was exercising its discretionary right to negotiate and settle the claims under a reservation of rights and would seek reimbursement for the deductible after negotiations were completed. A dispute arose regarding whether the deductible applied to each claim or was a onetime-only charge.[1] Because of this dispute, Insurer sent another letter to Insured in May 1991 stating it would not proceed further with negotiating and settling the claim until Insured acknowledged its interpretation of the deductible provision as correct. Insured would not comply and therefore Insurer refused to process the claims. Insured ended up personally settling each of the claims for under $500 (the deductible amount).
Insured then brought a bad faith action against Insurer for damages caused by Insurer's actions. It claimed Cargill would not consider it for any more painting jobs because of the delay in cleaning Cargill's employees' cars (Insured had been Cargill's primary painting contractor since 1984). The jury agreed, awarding actual damages of $15,552 and punitive damages of $200,000.

DISCUSSION
In Nichols v. State Farm Mut. Auto. Ins. Co., 279 S.C. 336, 306 S.E.2d 616 (1983), we recognized the existence of a cause of action against an insurance company for bad faith refusal to pay first party benefits due under an insurance contract. In so doing we cited with approval the reasoning used in the seminal case of Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973), that there is an implied covenant of good faith and fair dealing in every insurance contract "that neither party will do anything to impair the other's rights to receive benefits under the contract." Nichols, 279 S.C. at 339, 306 S.E.2d at 618. We further stated, "We hold today that if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." Id. at 340, 306 S.E.2d at 619 (emphasis added).
The Court of Appeals elaborated on this reasoning in Carolina Bank & Trust Co. v. St. Paul Fire and Marine Co.: "Implicit in the holding is the extension of a duty of good faith and fair dealing in the performance of all obligations undertaken by the insurer for the insured." 279 S.C. 576, 580, 310 S.E.2d 163, 165 (Ct.App.1983) (emphasis added). Recognizing a cause of action for an insurance company's bad faith handling of third party claims is a logical extension of what our cases have previously held; indeed, some have impliedly done so already. See, e.g., Brown v. South Carolina Ins. Co., 284 S.C. 47, 324 S.E.2d 641 (Ct.App.1984), overruled *54 on other grounds, Charleston County Sch. Dist. v. State Budget and Control Bd., 313 S.C. 1, 437 S.E.2d 6 (1993) (insured allowed to recover for insurer's bad faith refusal to pay a third party claim). See also Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565 (1986) (tort of bad faith originally developed as a response to insurance adjustment abuses in third party liability cases).
Insurer does not contest this extension of South Carolina law. It argues, however, that an insured can only bring a bad faith action if the insurer has breached some express contractual provision.[2] We disagree.
Many jurisdictions around the country have addressed this issue and ruled contrary to Insurer's argument. For example, in Deese v. State Farm Mut. Auto. Ins. Co., 172 Ariz. 504, 838 P.2d 1265 (1992) (en banc), the insured brought an action for breach of contract and bad faith for the insurer's refusal to pay certain medical bills.[3] The jury found for the insurer on the breach of contract action but for the insured on the bad faith action. The Arizona Court of Appeals held that without a finding the insurer had breached the contract, a bad faith action could not stand. The Arizona Supreme Court reversed. "`Failure to perform the express covenant to pay is not the sine qua non for an action for breach of the implied covenant of good faith and fair dealing.'" Id. 838 P.2d at 1269 (quoting Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565 (1986) (case where insurer had paid full amount of benefits due under the contract and thus no breach of contract resulted)). The court reasoned that an insured is not only bargaining for security from financial loss, the primary goal motivating the purchase of insurance, when it enters into an insurance contract. Rather, "the insured also is entitled to receive the additional security of knowing that she will be dealt with fairly and in good faith. That security comes not from the express contractual terms, but from the implied covenant of good faith and fair dealing." Id. (emphasis added).[4]
While we have not had occasion to address this issue, we have consistently emphasized that a bad faith action exists separately from an action in contract. In Brown, the Court of Appeals suggested that from a policy standpoint it would make more sense to treat a bad faith action as one in contract *55 instead of tort. 284 S.C. at 54, 324 S.E.2d at 646. See also Bartlett v. Nationwide Mut. Fire Ins. Co., 290 S.C. 154, 348 S.E.2d 530 (Ct.App.1986). However, we explicitly overruled both Brown and Bartlett to the extent that they suggested a bad faith action is one in contract rather than tort. Charleston County Sch. Dist., 313 S.C. at 7-8, 437 S.E.2d at 9 (1993).[5]See also Nichols, 279 S.C. at 342, 306 S.E.2d at 620 (whether insurer had legal right to refuse to renew insured's policy not the issue in a bad faith action; rather, the issue is whether such nonrenewal was in bad faith); Carolina Bank & Trust Co., 279 S.C. at 576, 310 S.E.2d at 163 (duty of good faith and fair dealing does not extend only to performance of obligations arising under the terms of insurance contract). We agree with the reasoning of Deese that the benefits due an insured are not limited solely by those expressly set out in the contract. The fact that the claims were ultimately settled for an amount less than the applicable deductible (through the insured's efforts) is irrelevant to whether the insurer performed its duties in good faith. See Howard v. State Farm Mutual Auto. Ins. Co., 316 S.C. 445, 450 S.E.2d 582 (1994) (whether insurer is liable for bad faith must be determined by the evidence before it at the time it denied the claim; evidence arising after denial irrelevant to propriety of insurer's conduct at the time of refusal).

CONCLUSION
We recognize the existence of a cause of action for breach of the implied covenant of good faith and fair dealing by an insured against his or her insurer for consequential damages allegedly suffered because of the insurer's bad faith handling of third party claims. Furthermore, we decline to make breach of an express contractual provision a prerequisite to bringing the action.

CERTIFIED QUESTION ANSWERED.
FINNEY, C.J., and MOORE and BURNETT, JJ., concur. TOAL, J., not participating.
NOTES
[1] At trial, the federal district court granted summary judgment to Insurer on this issue, finding the deductible applied to each claim. Insured did not appeal this ruling.
[2] Here, Insured has not alleged a breach of the express provisions of the contract.
[3] That Deese involved an action for bad faith handling of a first party claim as opposed to a third party claim is of no significance regarding this issue.
[4] See also Opperman v. Nationwide Mut. Fire Ins. Co., 515 So.2d 263, 267 (Fla.Dist.Ct.App.1987), cert. denied, 523 So.2d 578 (Fla.1988) ("We are not persuaded by the insurer's argument that it had a contractual right under the policy to demand arbitration. The function of the bad faith claim is to provide the insured with an extracontractual remedy"); White v. Unigard Mut. Ins. Co., 112 Idaho 94, 730 P.2d 1014, 1017 (1986) ("An action in tort provides a remedy for harm done to insureds though no breach of an express contractual covenant has occurred and where contract damages fail to adequately compensate insureds"); Fireman's Fund Ins. Co. v. Security Ins. Co., 72 N.J. 63, 367 A.2d 864, 869 (1976) ("there is also embodied in the policy contract an implied covenant of good faith and fair dealing with which the insurer must comply before seeking to rely on the powers reserved to it by the language of the policy contract, even though that language, read literally, gives the insurer the absolute, unrestricted right to exercise those powers"); Robinson v. North Carolina Farm Bureau Ins. Co., 86 N.C.App. 44, 356 S.E.2d 392 (1987) ("We find nothing in the case law which requires that the tortious conduct be accompanied by a breach of the contract"); Bullet Trucking, Inc. v. Glen Falls Ins. Co., 84 Ohio App.3d 327, 616 N.E.2d 1123, 1126 (1992) ("a cause of action for the tort of bad faith may exist irrespective of any liability arising from a breach of contract"); Campbell v. State Farm Mut. Auto. Ins. Co., 840 P.2d 130, 139 (Utah Ct.App.), cert. denied, 853 P.2d 897 (Utah 1992) (if insurer refuses to settle within policy limits but later pays excess claims, bad faith action not precluded; "an insured may purchase insurance not only to provide funds, but to provide peace of mind"); Anderson v. Continental Ins. Co., 85 Wis.2d 675, 271 N.W.2d 368, 374 (1978) ("By virtue of the relationship between the parties created by the contract, a special duty arises, the breach of which is a tort and is unrelated to contract damages;" "the tort of bad faith ... results from a breach of duty imposed as a consequence of the relationship established by contract") (emphasis added); State Farm Mut. Auto. Ins. Co. v. Shrader, 882 P.2d 813, 828 (Wyo.1994) ("subsequent payment of a denied or unreasonably delayed claim does not absolve an insurer from compliance with the duty of good faith and fair dealing;" "insured does not need to prevail on the contract claim to prevail on the claim for breach of implied covenant").
[5] While Insurer heavily relies on Brown as support for its argument that the only duties owed an insured are contractual duties, Brown clearly does not stand for this proposition (assuming any such interpretation would not have been overruled in any event). In that case the insured had brought a negligence action and a bad faith action due to the insurer's failure to pay or defend a third party claim. The Court of Appeals upheld the trial court's dismissal of the negligence action because the basis of it was breach of the contract, and the law is well-settled that breach of contractual duties does not give rise to an action in tort for negligence.

"[I]f the cause of action is predicated on the alleged breach, or even negligent breach, of a contract between the parties, an action in tort will not lie. On the other hand, where the contract creates a certain relationship between the parties, and certain duties arise by operation of law, irrespective of the contract, because of this relationship, then the breach of such duties warrants an action in tort."
284 S.C. at 52, 324 S.E.2d at 644 (quoting Meddin v. Southern Ry.-Carolina Div., 218 S.C. 155, 165, 62 S.E.2d 109, 112 (1950)). The duty of good faith and fair dealing is such a duty that arises by operation of law due to the special relationship of the parties in an insurance contract, as Brown itself noted. Id. at 54, 324 S.E.2d at 645-46.