21973

Julian E. TURKETT, Appellant, v. GULF LIFE INSURANCE COMPANY, Respondent.

(306 S. E. (2d) 602)

*Walter M. Bailey, Jr.*, of *Bailey & Carroll*, Summerville, *for appellant.*

*Bachman S. Smith, III*, of *Brockinton, Brockinton & Smith*, Charleston, *for respondent.*

Aug. 10, 1983.

LEWIS, Chief Justice:

The insured under a life insurance policy, issued by respondent, died from suicide and the appellant beneficiary brought this action to recover death benefits under the policy. The lower court denied liability, holding that suicide occurred within two years from the policy date so as to preclude recovery pursuant to the exclusionary provisions of the suicide clause. The beneficiary has appealed. We reverse.

The policy contained a provision which barred recovery (beyond refund of premiums) if suicide occurred "within two years from the policy date." The application for the policy and the conditional receipt issued for the first premium were dated April 26, 1976. The policy, subsequently issued, carried a date of May 18, 1976. Suicide occurred on April 30, 1978, more than two years after the date of

the conditional receipt for the first premium, but less than two years from the date stated in the policy. Therefore, if the policy date was April 26, 1976 (the date of the receipt for the first premium) respondent was liable; however, if the policy date was May 18, 1976 (as stated in the policy), the suicide would have occurred within two years and recovery would have been precluded.

On April 26, 1976, appellant's son purchased a policy of life insurance from respondent. He completed an application and paid the first premium, receiving in return a conditional receipt which declared that if the application was approved, "such insurance should take effect on (a) the date of the application, (b) the date of the last medical examination required by the Company or (c) the date requested in the application, whichever date is the latest." No medical examination was required, and no date was requested in the application. By eliminating alternatives (b) and (c), we are left with an effective date of April 26, 1976, under the terms of this conditional receipt as a binder.

This interpretation of the binder is bolstered by additional language appearing on the application form: ". . . unless effective in accordance with the provisions of the conditional receipt, no insurance shall take effect until a policy is actually delivered to and accepted by the Owner and the full first premium paid . . . ." This passage suggests that the effective date may be postponed *only* in the event that the dates provided in the conditional receipt were for some reason inoperative. Nothing in the record indicates that the date of application failed of adoption as the effective date under the binder, and we note that the insured actually paid the first premium on that very day.

On April 30, 1978, more than two years after the effective date just described, the insured took his own life. The insurer resisted appellant's claim as beneficiary on the basis that the suicide clause barred recovery. Respondent relied on the policy document which was issued approximately three weeks after the application and conditional receipt and which bore a "Policy Date" of May 18, 1976. The trial court adopted respondent's view that no ambiguity or inconsistency existed as between the binder and the policy. Rather, the trial court held, the "effective date" on the binder was intended solely to

govern the amount of insurance, plan of insurance, the class of risk and premium rate, while the "Policy Date" governed such provisions as suicide and incontestability clauses, policy years, premium due dates and policy anniversaries.

This approach has been characterized as a "two contract" theory. The United States Court of Appeals for the Fifth (now the Eleventh) Circuit rejected such reasoning in a Florida case involving a binder date of April 30th and a policy date of June 9th. *American National Insurance Company v. Motta,* 404 F. (2d) 167. The comments of that Court deserve consideration:

> To decide that the suicide clause commenced at the date the formal policy was issued would have the effect of establishing two insurance contracts. One, under the conditional receipt, that ran from April 30, 1964, to June 9, 1964. The second, under the formal policy, extended from June 9, 1964, for the term of the policy. The first contract would not contain a suicide provision; the second contract would. Since neither party intended this two-contract arrangement, we adopt the interpretation that ... construes the several documents as one contract.

The single contract was, of course, found to be ambiguous, and judgment was granted to the beneficiary. 404 F. (2d) at 169.

In the Maryland case of *Holtze v. Equitable Life Assurance Society of the United States,* 276 Md. 681, 351 A. (2d) 139, 143, a thorough review of such "two contract" cases appears and is followed by this assessment:

> In sum, although we are aware of the rationale of the cases on which Equitable relies, that while risk may attach upon issuance of the conditional receipt, the incontestability and suicide clauses commence to run only from the date of the issuance of the policy, we conclude, as did Judge Hand, that if this is what insurers intend, they should say so in the conditional receipt in language which can be understood by their insureds.

We note that in the case before us, nothing in the binder or the policy document expresses the insurer's intent to create two contracts or brings this intent home to the insured.

The trial court adopted the "two contract" approach as a means of escaping the fundamental ambiguity as to a single commencement date for this insurance contract in its several parts. The result is at odds with our settled rule that ambiguous or conflicting terms in a contract of insurance shall be construed most strongly against the insurer and favorable toward the insured. We hold that the policy here at issue commenced to run on April 26, 1976, and that the insured's death by suicide on April 30, 1978, occurred beyond the two year limitation of the suicide clause.

Accordingly, judgment is reversed and the cause remanded for entry of judgment for appellant.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.