0680

J. M. EDENS, Jr., Respondent-Appellant v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant-Respondent.

(343 S. E. (2d) 49)

Court of Appeals

*M. M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* Sumter, *for appellant-respondent.*

*David W. Goldman* and *Terrell T. Horne,* of *Bryant, Bahnmuller, King, Goldman & McElveen,* Sumter, *for respondent-appellant.*

Heard Feb. 17, 1986.

Decided April 14, 1986.

GARDNER, Judge:

Farm Bureau insured Edens' house for $70,000 and the contents thereof for $35,000. A total loss by fire occurred October 4, 1974, precipitating this suit. Farm Bureau contended the policy had been cancelled. From an adverse jury verdict on January 25, 1980, Edens appealed to the Supreme Court, which held[1] (1) that the house was valued at $70,000 and the contents $35,000 and (2) that a directed verdict should have been awarded Edens; the case was remanded for entry of judgment pursuant to the decision. Farm Bureau then paid Edens $105,000; the parties held open Edens' claim for interest. The issue of interest was then presented to the trial court; both parties appeal the trial court's order.

The appealed order awarded (1) postjudgment interest on $105,000 from January 25, 1980, the date of the original verdict,[2] (2) prejudgment interest on the house insurance of $70,000 from October 18, 1978, the filing date of the complaint, and (3) denied prejudgment interest on the contents insurance on the basis that this was an unliquidated claim. We affirm in part, reverse in part and remand.

Farm Bureau contends that postjudgment interest should not have been awarded because there was no entry of judgment. Section 34-31-20(B), Code of Laws of South Carolina (1976) states:

> All money decrees and judgments of courts enrolled or entered shall draw interest according to law. . . .

We hold that upon the filing of the remittitur of the Supreme Court decision, the judgment was enrolled *nunc pro tunc* as of January 25, 1980, perforce of Supreme Court Rule 27, i.e., placed in the judgment roll as of

---

[1] *Edens v. S. C. Farm Bureau Mutual Ins. Co.*, 279 S. C. 377, 308 S. E. (2d) 670 (1983).

[2] Supreme Court Rule 27 provides that "when an appeal is sustained on the ground that a verdict should have been directed, the reversal of the judgment shall have the same effect as if a verdict had been returned by the jury under the direction of the court."

that date. The decision itself directs entry of judgment. This contention is, therefore, rejected.

The only remaining issue of merit is whether prejudgment interest on the entire verdict should have been awarded from January 5, 1975.

The policy provided for a 90-day waiting period to pay claims; Edens for this reason demanded in his complaint interest from January 5, 1975.

The trial judge denied prejudgment interest on the contents insurance of $35,000 on the ground that it was not liquidated. We disagree. The complaint alleged "designated limits of coverage of (a) $70,000 for the dwelling . . ., (c) $35,000 personal property." The Farm Bureau's answer admitted this. At trial Edens established the value of the personal property at $44,000; Farm Bureau offered no evidence to dispute this. On appeal the Supreme Court treated, and properly so, the contents insurance as being stated value insurance. We, therefore, hold that the contents insurance claim was liquidated.

We hold as a matter of law that Edens is entitled to prejudgment interest on $105,000 from January 5, 1975, until January 25, 1980. *Flynn v. Nationwide Mutual Ins. Co.*, 281 S. C. 391, 315 S. E. (2d) 817 (Ct. App. 1984); *Jacobs v. American Mutual Fire Insurance Co. of Charleston*, 340 S. E. (2d) 142 (S. C. 1986).

While *Jacobs* indicates that the allowance of prejudgment interest is a matter of discretion, we hold that it was an error of law to limit prejudgment interest to January 25, 1980. The fire occurred October 4, 1974. Farm Bureau denied coverage on the basis of cancellation; the Supreme Court rejected this.

The *Jacobs* decision approvingly quotes *Myrtle Beach A.F.B. Fed. Credit Union v. Cumis Ins. Society, Inc.*, 507 F. Supp. 794 (D.S.C. 1981); in pertinent part, we quote:

> Only by allowing interest in a case involving loss of, or damage to, property, unless such allowance is expressly excluded, can the damaged party be restored to the position which it would have occupied if the party in default had fulfilled its duty in the premises. A party who fails to perform a duty in these circumstances is justly bound to make good all damages that accrue

naturally from a breach, and a party who has had the use of money owed to another may justly be required to pay interest from the time the payment should have originally been made.

We accordingly reverse the appealed order insofar as it did not allow prejudgment interest on $105,000 from January 5, 1975, and remand for entry of judgment in accordance with this decision. Costs are to be charged to Farm Bureau.

Affirmed in part, reversed in part and remanded.

SANDERS, C. J., and BELL, J., concur.