0825

CANAL INSURANCE COMPANY, Appellant v. Marshall CLAPP and Hazel Berry, as administratrix of the estate of R. F. Berry, Respondents.

(357 S. E. (2d) 712)

Court of Appeals

*Lewis C. Lanier,* Orangeburg, *for appellant.*

*John E. Parker,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, *for respondent Clapp.*

*A. Paul Weissenstein, Jr.,* of *Bogoslow & Jones,* Walterboro, *for respondent Berry.*

Heard Sept. 22, 1986.

Decided Dec. 8, 1986.

SHAW, Judge:

Appellant Canal Insurance Company brought this action against respondents Hazel Berry, as administratrix of the estate of R. F. Berry, and Marshall Clapp seeking a declaration that a policy issued to R. F. Berry does not provide coverage for property damages Clapp alleges he suffered due to R. F. Berry's negligence. Berry counterclaimed alleging coverage and requested attorney's fees. Canal appeals from

the trial court's Order finding the policy provides coverage of the alleged loss and awarding attorney's fees. We affirm.

Marshall Clapp hired R. F. Berry to move his house. Berry's procedure for such a task entails loading the house on a dolly assembly which is pulled by a truck. The dolly assembly consists of two beams to which are attached a number of dolly wheels.

The damage to Clapp's house occurred in the following manner. Berry and his crew placed the beams under the house and jacked the house off the ground so the dolly wheels could be attached to the beams. However, before the dolly wheels could be attached, the house shifted on the jacks and settled back down. This caused the house porch to fall off.

Clapp brought suit against Hazel Berry, as administratrix of the estate of R. F. Berry, alleging R. F. Berry's negligence caused the damage to his house. Berry, a certified motor vehicle carrier, carried liability and property damage insurance as required by law. S. C. Code Ann. §§ 58-23-10(4), 40, 910 (1976). Thus, Clapp also named Canal a defendant as Berry's insurer. Canal then brought this declaratory judgment action.

Canal argues the trial court erred in holding one of the policies it issued to R. F. Berry covers the damage to Clapp's house.[1] We disagree.

The policy the trial court found covers Clapp's loss reads:

> This policy covers the legal liability of the Assured as a carrier and/or bailee ... for loss or damage caused directly by perils ... on shipments of lawful goods and/or merchandise received for transportation consisting primarily of houses ... *but only while loaded for shipment on and/or in transit in or on the following described motor truck(s) and trailer(s) operated by the Assured* ... (emphasis added).

Canal claims the house was not on a trailer when it was damaged and thus not covered under the policy. While the

---

[1] Canal issued two policies to R. F. Berry. The trial court ruled only one covered the loss to Clapp.

dolly wheels were not yet connected to the beams, it is clear they were going to be and the beams, along with the wheels, constitute the trailer.

The fact the trailer could not yet move is not conclusive. If it was, a trailer with the wheels affixed but flat would likewise not be a trailer since it could not move. The house was on the platform upon which it would be moved to its new location.

Canal also argues the house must be loaded *and* (emphasis added) in transit for coverage to apply. However the policy reads ". . . loaded for shipment on *and/or* (emphasis added) in transit. . . ." The use of the word "or" as an alternative could reasonably be read to mean a loss is covered once the house is loaded even if not yet in transit. Thus, we find the language ambiguous and must construe it against Canal. *Turkett v. Gulf Life Insurance Company*, 279 S. C. 309, 306 S. E. (2d) 602 (1983).

Furthermore, we note a motor vehicle carrier is required by statute to have liability insurance. S. C. Code Ann. § 58-23-910 (1976). The purpose of this legislation is to protect the public by insuring the financial responsibility of the carrier. *Major v. National Indemnity Company*, 267 S. C. 517, 229 S. E. (2d) 849 (1976); *Ott v. American Fidelity & Casualty Company*, 161 S. C. 314, 159 S. E. 635 (1931). Allowing the insurer and carrier to, by contract, agree to substantially reduce the public's protection would violate the public interest served by the statute. "We must assume that the policy was intended, not to evade, but to effectuate the purpose of the statute in compliance with which it was filed, and it must be construed in light of such statute." *Ott*, 159 S. E. 635, 636 (1931).

Based on the ambiguous language in the policy and the intent of the legislation requiring liability insurance, we hold the trial court correctly ruled the policy covers the damage to Clapp's house.

Finally, Canal argues the trial court erred in awarding Berry attorney's fees.

Canal contends the award was improper because the policy did not cover the insured's loss. Since we hold the loss was within the policy's coverage, this argument is without

merit. As Canal has alleged no other error in the award of attorney's fees, we affirm the award.

Affirmed.

SANDERS, C. J. and LITTLEJOHN, J., concur.