1084

Robert E. VANCE, Respondent v. Rhett M. JACOBS, Appellant.

(364 S. E. (2d) 755)

Court of Appeals

*H. Bruce Williams* and *Kenneth M. Mathews,* Columbia, *for appellant.*

*James B. Richardson, Jr.,* Columbia, *for respondent.*

Heard Dec. 14, 1987.

Decided Jan. 25, 1988.

SHAW, Judge:

This is an appeal from an order of the circuit court granting, among other things interest from the date of an original jury verdict. The verdict had been overturned on a motion for judgment n.o.v. by the trial judge. On appeal, this court reversed and remanded for entry on the verdict. We affirm.

The facts of this case are undisputed. The respondent, Robert E. Vance, commenced an action against appellant, Rhett M. Jacobs, for conversion. The case came to trial on June 25, 1984. Upon a jury verdict in favor of Vance, Jacobs moved for a judgment n.o.v. By order dated February 8, 1985, the trial judge granted the judgment n.o.v. Vance appealed and this court reversed, finding the judgment n.o.v. improper, and remanded for entry of judgment on the verdict.[1]

Pursuant to Section 15-37-30, South Carolina Code of Laws, 1976, Vance moved for interest upon the verdict from the time of the original jury verdict until entry of judgment. The trial judge granted interest in the amount of ($2,126.40) representing interest from the date of the original jury verdict.

Jacobs contends the interest should be calculated from the time of entry of judgment by the clerk of court as directed by this court in the previous appeal. He argues the judgment n.o.v. suspended the verdict such that no interest ran in the interim. We disagree.

[1] South Carolina Court of Appeals, Memorandum Opinion No. 86-MO-058.

Section 15-37-30 provides:

> When the judgment is for the recovery of money, interest from the time of the verdict or report until judgment be finally entered shall be computed by the clerk and added to the costs of the party entitled thereto.

Clearly under this section, interest runs between the time of judgment and entry of judgment and does not start at the point of entry as Jacobs contends.

The question then becomes when is the "time of the verdict" for purposes of Section 15-37-30.

In *Edens v. South Carolina Farm Bureau Mut.*, 288 S. C. 435, 343 S. E. (2d) 49 (Ct. App. 1986) this court addressed the question of when interest accrues from an appellate court decision reversing a jury verdict. The court held judgment was enrolled nunc pro tunc as of the date of the adverse jury verdict, perforce Supreme Court Rule 27. Jacobs contends *Edens* is inapposite because the court relied on Supreme Court Rule 27 which provides that reversal of a judgment for failure to direct a verdict has the same effect as if the jury returned a verdict. While the fact situation is not identical, the same principles apply. In *Edens*, the trial judge was reversed for failing to direct a verdict upon an adverse jury verdict. Here, the trial judge was reversed for granting a judgment n.o.v. on a favorable jury verdict. We discern no difference between the two cases as far as the principles of applying interest. We therefore hold the judgment was enrolled nunc pro tunc as of the original jury verdict.

Affirmed.

BELL and CURETON, JJ., concur.