23788

Malcolm M. BABB, Appellant v. Thomas B. ROTHROCK, Ronny E. Hendrix, and Raymond S. Schild, Defendants, of whom Raymond S. Schild is the Respondent.

(426 S.E. (2d) 789)

Supreme Court

*James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for appellant.*

*Cynthia Graham Howe,* of *Van Osdell, Lester, Howe & Rice,* Myrtle Beach, *for respondent.*

Heard Nov. 17, 1992.

Decided Feb. 1, 1993.

TOAL, Justice:

The issues presented in this appeal are whether the appellant (hereinafter "Babb") is entitled to prejudgment interest from his co-guarantor (hereinafter "Schild") from the date he paid the entire obligation on the note which he and Schild, along with two others, personally guaranteed, and whether Babb is entitled to postjudgment interest during the pendency of the earlier appeal in this case.

## FACTS[1]

Babb and Schild, along with Rothrock and Hendrix, who are not parties to this appeal, were shareholders of Anchor Management, Inc. (hereinafter "AMI"). In 1983, Babb took management control of the corporation. In 1984, Babb personally satisfied an AMI promissory note in the amount of $50,690.03, which he had personally guaranteed in September of 1983. Three years later, Babb brought this action alleging the other three shareholders also personally guaranteed the note and owed Babb contribution. Rothrock, Hendrix and Schild counterclaimed for a setoff, alleging that Babb misappropriated assets of AMI while he managed the corporation. Babb acknowledges he did not notify Schild in 1983 that he had personally paid the note for AMI, nor did he demand contribution from Schild until bringing this action.

The case was tried before the Master-in-Equity. In an order dated July 19, 1989, the Master found each defendant liable for contribution, but granted setoff for the amounts Babb was found to have misappropriated from AMI. The exact amount of the contribution from each defendant was not determined as the amount of the setoff exceeded the amount of the note. Babb appealed. This Court reversed the portion of the judgment allowing the setoff. *Babb v. Rothrock, supra* note 1.

---

[1] This action was the subject of a previous appeal. The facts presented here are abbreviated. A more detailed factual summary may be found in *Babb v. Rothrock,* 303 S.C. 462, 401 S.E. (2d) 418 (1991).

Babb then sought clarification from the Master-in-Equity of the exact amount of his judgment against Schild. Babb maintained Rothrock and Hendrix were insolvent and he was, therefore, entitled to a judgment against Schild for one-half the amount of the note. The issue was heard before the Master. The Master held Babb was entitled to a judgment against Schild in the amount of Schild's pro rata share of the debt, $12,672.51. The Master denied any prejudgment interest but awarded postjudgment interest from the date of the filing of this Court's opinion reversing the Master on the issue of set-off. Babb filed a motion to amend the order under Rule 59(e) of the South Carolina Rules of Civil Procedure. Babb continued to maintain he was entitled to a judgment against Schild for one-half of the debt until oral arguments on the Rule 59(e) motion. Babb now appeals the denial of prejudgment interest and further maintains he is entitled to postjudgment interest from the date of the Master's first order.

## LAW/ANALYSIS

### Prejudgment Interest

Babb asserts he is entitled to prejudgment interest on the amount Schild owed on the note. We agree. The law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, the payment is demandable, if the sum is certain or capable of being reduced to certainty. *Southern Welding Works, Inc. v. K&S Construction Co.*, 286 S.C. 158, 332 S.E. (2d) 102 (Ct. App. 1985). The fact that the sum due is disputed does not render the claim unliquidated for the purposes of an award of prejudgment interest. *Wayne Smith Construction Co., Inc. v. Wolman, Duberstein and Thompson*, 294 S.C. 140, 363 S.E. (2d) 115 (Ct. App. 1987). The proper test for determining whether prejudgment interest may be awarded is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose. 47 C.J.S. *Interest & Usury* § 49 at 124-25 (1982).

We conclude that the Master erred in denying prejudgment interest. We find, however, that under the facts of this case, Babb is not entitled to prejudgment inter-

est from the date he paid the note. Babb, as managing shareholder, paid the obligation for AMI without notifying Schild that AMI, which had primary liability for the note, was unable to meet the obligation. Babb did not inform Schild that he had personally paid this obligation until he filed this suit three years after the payment was made. We hold under these facts that Babb is entitled to prejudgment interest only from the date the complaint was filed.

### Postjudgment Interest

Babb argues that he is entitled to postjudgment interest from the date of the Master's first order finding Schild liable for contribution. We disagree. The original order of the Master did not set the amount of Babb's judgment against Schild. Babb continued to maintain the amount of his judgment against Schild should have been one-half, not one-fourth, after the appeal to this Court, and even after the motion to clarify the judgment was entered by way of a Rule 59(e) motion. This fact distinguishes this case from *Vance v. Jacobs*, 294 S.C. 377, 364 S.E. (2d) 755 (Ct. App. 1988), and *Edens v. South Carolina Farm Bureau Mutual Ins. Co.*, 288 S.C. 435, 343 S.E. (2d) 49 (Ct. App. 1986). Postjudgment interest is in the nature of a penalty. *Sears v. Fowler*, 293 S.C. 43, 358 S.E. (2d) 574 (1987). If, after appeal, a further determination by the trial court is necessary in oder to fix the amount of an award, the award will not draw interest until the determination is made. 45 Am. Jur. (2d) *Interest and Usury* § 60 (1969). Accordingly, postjudgment interest properly commenced the date of the Master's final determination of the amount of the judgment against Schild.

In sum, we hold that Babb is entitled to prejudgment interest from time of filing of his complaint, and postjudgment interest from the date the Master established a final judgment amount owed by Schild. The order of the Master denying prejudgment interest and awarding postjudgment interest from the date of filing of our previous opinion in this matter is REVERSED.

HARWELL, C.J. and CHANDLER, FINNEY and MOORE, J.J., concur.