23902

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant v. Stuart M. SIMMONDS, Robert Clay Simmonds, Jennifer Blankenship, Charles Williamson, Diana Williamson, Wendi Dake, Maurice Dake, Jane Dake, Teddy W. Roop, Patsy Roop, Blue Cross/Blue Shield of South Carolina, Inc., Aetna Casualty and Surety Company, and Allstate Insurance Com-

pany, Defendants, of whom Stuart Simmonds, Robert Clay Simmonds, and Aetna Casualty and Surety Company are Respondents.

(434 S.E. (2d) 277)

Supreme Court

*Robert C. Brown* and *Donna M. Seegars, Brown and Woods,* Columbia, *for appellant.*

*Michael M. Nunn,* of *Coleman, Aiken & Chase,* Florence, *for respondent Aetna Cas. and Sur. Co.*

*G. Conrad Derrick* and *Gena Phillips Ervin, Bridges, Orr, McEachin, Derrick & Ervin,* and *James T. McBratney, Jr., Rogers, McBratney & Josey,* Florence, *for respondents Stuart M. Simmonds* and *Robert Clay Simmonds.*

Heard June 10, 1993.

Decided July 12, 1993.

CHANDLER, Justice:

The issue in this case is whether an insurer which tenders the policy limits must defend an action against its insured. We hold that it must.

## FACTS

Nationwide Mutual Insurance Company (Nationwide) issued a $100,000 automobile liability policy to Stuart Simmonds (Simmonds). Simmonds' son, Robert Clay Simmonds, a covered insured, was in an automobile accident in which passengers of both vehicles sustained serious bodily injuries.

Nationwide brought this interpleader action seeking to deposit the $100,000 policy limits with the Court for distribution to the various injured parties. Additionally, Nationwide sought a declaration that its obligation to defend Simmonds terminated upon tender of the policy limits. Circuit Court ruled that the tender did not relieve Nationwide of its duty to defend Simmonds.

## DISCUSSION

Under the heading, PROPERTY DAMAGE AND BODILY INJURY LIABILITY COVERAGE," the policy provides:

> ... in connection with any covered liability loss: (a) we will defend at our expense, with attorneys of our choice, any suit against the insured when jurisdiction of the court has been obtained *without reference to our obligations in this policy*. We may investigate, negotiate, and settle any claim or suit as we think appropriate. (Emphasis supplied).

Notwithstanding the above language, the policy further states "after the liability limits of this policy have been exhausted by payment, we will not be obligated to defend any suit or pay any claim or judgment." Nationwide contends this provision relieves it of the duty to defend Simmonds. We disagree. Simmonds contends that the provision, at best, constitutes an ambiguity. We agree.

It is well settled that "ambiguous or conflicting terms in a contract of insurance shall be construed most strongly against the insurer and favorable toward the insured." *Turkett v. Gulf Life Ins. Co.*, 279 S.C. 309, 313, 306 S.E. (2d) 602, 604 (1983). The rule applies where the language "is capable of two reasonable interpretations." *Edens v. S.C. Farm Bureau Mutual Ins. Co.*, 279 S.C. 377, 379, 308 S.E. (2d) 670, 671 (1983), *appeal after remand,* 288 S.C. 435, 343 S.E. (2d) 49 (Ct. App. 1986).

Here, the provision relied upon by Nationwide conflicts directly with the provision requiring it to defend "without reference to our obligations in this policy." This conflict must be resolved in favor of the Insured.

Moreover, this Court has previously held that "an insurer's duty to defend is separate and distinct from its obligation to pay a judgment rendered against an insured." *S.C. Med. Malpractice Liab. Ins. v. Ferry,* 291 S.C. 460, 463, 354 S.E. (2d) 378, 380 (1987). As noted by the Fourth Circuit Court of Appeals in *American Casualty Company v. Howard,* 187 F. (2d) 322, 327 (4th Cir. 1951), "The defense of such suits by the insurer is a valuable right of the insured for which he pays and to which he is entitled by the very words of the policy." We accord with those jurisdictions which distinguish an insurer's obligation to provide a defense to its insured with its duty to provide coverage. *See, e.g., American Family Life Assurance Co. v. United States Fire Co.,* 885 F. (2d) 826 (11th Cir. 1989); *reh. den.,* 892 F. (2d) 89; *Anderson v. United States Fidelity and Guaranty Co.,* 177 Ga. App. 520, 339 S.E. (2d) 660 (1986); *Samply v. Integrity Ins. Co.,* 476 So. (2d) 79 (Ala. 1985); *Conway v. Country Casualty Ins. Co.,* 92 Ill. (2d) 388, 65 Ill. Dec. 934, 442 N.E. (2d) 245 (1982); *National Casualty Co. v. Ins. Co. of North America,* 230 F. Supp. 617 (N.D. Ohio 1964).

We hold that tender of its policy limits did not relieve Nationwide of the obligation to defend its insured. The judgment below is

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.