2093

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant v. Richard Arnold TATE, and Unisun Insurance Company, f/k/a American Mutual Fire Insurance Company, Defendants, of whom Unisun Insurance Company, f/k/a American Mutual Fire Insurance Company is Respondent.

(438 S.E. (2d) 266)

Court of Appeals

*Stephen D. Baggett* and *Roy R. Hemphill,* both of *Burns, McDonald, Bradford, Patrick & Dean,* Greenwood, *for appellant.*

*Theron G. Cochran,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for respondent.*

Heard Oct. 4, 1993

HOWELL, Chief Judge:

This is a declaratory judgment action brought by Nationwide Insurance Company to determine whether Unisun Insurance Company had a continuing duty to defend a lawsuit involving one of Unisun's insureds after Unisun had settled the claim and paid its limits of liability under one of its insurance policies. The trial court found that Nationwide had no standing to assert any claim against Unisun on its own behalf or on behalf of Unisun's insured.[1] Nationwide appeals. We affirm.

Richard Tate was injured when his automobile collided with an automobile operated by Barry Wilson. At the time of the accident, Unisun provided liability insurance coverage to Wil-

---

[1] Nationwide argued on summary judgment that it was a third party beneficiary to the contract between Unisun and Unisun's insured. The trial court found to the contrary and Nationwide does not appeal this ruling.

son. Nationwide provided underinsured motorist coverage to Tate.

Tate and his wife sued Wilson for injuries sustained as a result of the accident. Before trial, however, Unisun negotiated a settlement under the terms of which Unisun tendered its limits of liability coverage to the Tates. The Tates signed a "Covenant Not to Execute and Receipt and Release of Liability Benefits." The agreement released Wilson from any further liability resulting from the accident. In addition, it released Unisun from any further duty to defend. The document also prohibited the Tates from executing against Wilson's personal assets in the event the Tates were successful and a judgment was rendered in their favor.

Wilson's attorneys then moved for an order relieving them as counsel. The court granted the motion. The case remained on the trial roster with no one representing Wilson.

Pursuant to S.C. Code Ann. § 38-77-160 (1989 & Supp. 1992),[2] Nationwide appeared on Wilson's behalf to defend the action and protect its interest as the underinsured carrier. The jury returned a verdict in favor of the Tates. The award was in excess of the amount paid by Unisun.

■ The central issue in this case is whether Nationwide, as an underinsured motorist carrier, may enforce a duty to defend on Unisun, a liability carrier, in a tort action. The trial court held that Nationwide did not have standing to raise this issue. We agree.

We find nothing in the record to suggest Nationwide has standing to enforce a policy right of the insured, Wilson. Wilson's policy regarding liability coverage reads, in part, as follows:

> We will pay damages for:
> 1. Bodily injury; or
> 2. Property damage, . . .;
> for which any covered person becomes legally responsible because of an auto accident. We will settle or defend ...

---

[2] The statute reads, in pertinent part, as follows:

In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

any claim or suit asking for these damages. . . . Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

Giving the language of the policy its plain meaning, a defense will be provided only for those persons identified in the policy, to wit, "covered person[s]." Thus, there is nothing in the policy which supports Nationwide's contention that Unisun had a duty to defend Nationwide's interest as an underinsured carrier once the ultimate defense, the absolute protections from any liability, had been afforded to the insured.

A liability insurer has two separate and distinct duties to the insured. First, the insurer is obligated to pay sums the insured becomes obligated to pay. Second, the insurer must defend any suit alleging bodily injury or property damage seeking damages payable under the terms of the policy. *Sloan Construction Co. v. Central Nat'l Ins. Co.*, 269 S.C. 183, 236 S.E. (2d) 818 (1977).

Our Supreme Court has held a tender of policy limits does not relieve an insurer's duty to defend *its insured*. *Nationwide Mutual Ins. Co. v. Simmonds*, — S.C. —, 434 S.E. (2d) 277 (1993) (emphasis added). In *Simmonds*, the Court noted " '[t]he defense of . . . suits by the insurer is valuable right of *the insured* for which [*the insured*] pays and to which [*the insured*] is entitled by the very words of the policy.' " *Simmonds*, — S.C. at —, 434 S.E. (2d) at 278 (quoting *American Casualty Co. v. Howard*, 187 F. (2d) 322, 327 (4th Cir. 1951)) (emphasis added). It is clear these holdings are for the protection of the insured. We find no reason to extend this rule and recognize a duty to defend in order to protect underinsured motorist carriers.

In the case at bar, Unisun has satisfied both duties owed its insured. We hold, therefore, Nationwide has no standing to assert any claim against Unisun. *Cf. Firemen's Ins. Co. v. Cincinnati Ins. Co.*, 302 S.C. 234, 394 S.E (2d) 855 (Ct. App. 1990) (holding the underinsured carrier for an injured passenger had standing to bring an action against the underinsured carrier of the driver to determine the existence of underinsured coverage because the obligations of the driver's carrier had not yet been concluded).

Nationwide next contends Unisun had a continuing obligation to defend following settlement based on the doctrine of equitable subrogation. This issue is not preserved for appeal. *See* Rule 59(e), SCRCP; *see United Carolina Bank v. Caroprop, Ltd,* — S.C. —, 429 S.E. (2d) 197 (Ct. App. 1993) (an issue not addressed by the [trial court] is not preserved for appellate review).[3]

The order of the circuit court, therefore, is

Affirmed.

CURETON and GOOLSBY, JJ., concur.

---

[3] Even if the issue were preserved for appeal, Nationwide's argument that it discharged an obligation owed by Unisun is without merit. It is clear Unisun protected Wison through the release it negotiated on his behalf. Not only was Wilson released from any further personal liability, but the Tates agreed no attempt would be made to collect any funds from Wilson. The settlement agreement also required the Tates to satisfy of record any judgment against Wilson after the question of underinsured motorist benefits was resolved. Accordingly, there were no rights of the insured that Nationwide may, in equity, assume. *Cf. Unisun Ins. Co. v. Hertz Rental Corp.,* — S.C. —, 436 S.E. (2d) 182 (Ct. App. 1993) (holding an uninsured carrier is entitled, under equitable principles, to assume the rights of the insured when the primary liability insurer breaches its obligation to defend).