THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Narda Ray
 Hentges, Respondent/Appellant,
 
 
 

v.

 
 
 
 Thomas J.
 Hentges, Appellant/Respondent.
 
 
 

Appeal From Charleston County
Jack Alan Landis, Family Court Judge
Judy L. McMahon, Family Court Judge

Unpublished Opinion No.   2011-UP-513
 Heard September 15, 2011  Filed November
28, 2011 

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
 Jack D. Cordray, of Charleston, for
 Appellant/Respondent.
 Margaret D. Fabri, of Charleston, for
 Respondent/Appellant.
 
 
 

PER CURIAM:  This cross-appeal arises from two orders
 of the family court, both of which interpret and enforce a court-approved
 marital separation agreement (the Agreement) between Thomas Hentges (Husband)
 and Narda Hentges (Wife).  We affirm in part, reverse in part, and remand.
1.  As to whether
 Husband violated the Agreement by failing to give Wife a raise in salary in
 proportion to the 17.3% increase to Husband's salary, we find the Agreement
 ambiguous.  See Pee Dee Stores, Inc. v. Doyle, 381 S.C. 234, 242,
 672 S.E.2d 799, 803 (Ct. App. 2009) (providing an agreement is ambiguous when
 the terms of the agreement are reasonably susceptible to more than one
 interpretation).  The salary provision in the Agreement can reasonably be
 interpreted as providing the parties' intent for Wife to receive a raise in
 salary proportional to any increases to Husband's income occurring either after
 January 1, 2003, the date commencing the five-year period Wife was to remain on
 the payroll of Animal Medical West, or after February 19, 2003, the date the
 parties executed the Agreement.  In light of this ambiguity, the family court
 erred by finding Husband in willful contempt.  See Smith v. Smith,
 359 S.C. 393, 397, 597 S.E.2d 188, 189 (Ct. App. 2004) (finding husband not in
 willful contempt when court order was ambiguous); see also Deel v.
 Deel, 909 N.E.2d 1028, 1032 (Ind. App. 2009) ("A party may not be held
 in contempt for failing to comply with an ambiguous or indefinite order.  Otherwise,
 a party could be held in contempt for obeying an ambiguous order in good faith."
 (internal quotation marks omitted)); Evans v. Evans, 2011 WL 1566017, at
 *2 (Miss. App. 2011) (holding a defendant can rebut a prima facie case of
 contempt by showing an inability to pay, that the default was not willful, that
 the provision violated was ambiguous, or that performance was impossible).  Therefore,
 we reverse the family court's finding Husband in willful contempt and remand
 for further proceedings for the family court to make specific findings
 regarding the controlling date of the salary provision and to allow the family
 court to enforce the Agreement if it finds the parties intended January 1,
 2003, to be the controlling date.
2.  As to whether
 the family court erred by finding Husband was not entitled to receive a setoff
 for the reduced equity in the marital home due to Wife's refinancing of the home,
 we find Husband's arguments abandoned on appeal.  See Fields v.
 Melrose Ltd. P'ship, 312 S.C. 102, 106 n.3, 439 S.E.2d 283, 285 n.3 (Ct.
 App. 1993) ("[A]n issue is deemed abandoned on appeal and, therefore, not
 presented for review, if it is argued in a short, conclusory statement without
 supporting authority." (citation omitted)).
3.  As to whether
 the family court erred by awarding Wife $12,957.00 in attorney's fees on Wife's
 rule to show cause, we remand the award for reconsideration after making the
 findings herein regarding the salary provision.  See Reiss v. Reiss,
 392 S.C. 198, 210, 708 S.E.2d 799, 805 (Ct. App. 2011) ("In deciding
 whether to award attorney's fees and costs, the family court should consider '(1)
 the party's ability to pay his/her own attorney's fee; (2) beneficial results
 obtained by the attorney; (3) the parties' respective financial conditions;
 [and] (4) effect of the attorney's fee on each party's standard of
 living.'" (quoting E.D.M. v. T.A.M., 307 S.C. 471, 47677, 415
 S.E.2d 812, 816 (1992))); id. ("In determining a reasonable
 attorney's fee the family court should consider '(1) the nature, extent, and
 difficulty of the case; (2) the time necessarily devoted to the case; (3)
 professional standing of counsel; (4) contingency of compensation; (5)
 beneficial results obtained; [and] (6) customary legal fees for similar
 services.'" (quoting Glasscock v. Glasscock, 304 S.C. 158, 161, 403
 S.E.2d 313, 315 (1991))).
4.  As to whether
 the family court erred by granting Wife's motion to compel enforcement of the
 money judgment for underpaid wages, we find the family court correctly found
 the monies awarded and due to Wife by court order on the rule to show cause
 were in the nature of back support and, therefore, not automatically stayed
 upon appeal.  See  Rule 241(a), SCACR ("As a general rule, the
 service of a notice of appeal in a civil matter acts to automatically stay
 matters decided in the order, judgment, decree or decision on appeal, and to
 automatically stay the relief ordered in the appealed order, judgment, or
 decree or decision."); Rule 241(b)(6), SCACR (providing an exception to
 the general rule for family court orders regarding a child or requiring payment
 of support for a spouse or child as provided in section 63-3-630 of the South
 Carolina Code). 
5.  As to whether
 the family court erred by not allowing Husband to post monies with the court to
 secure payment of the judgment, we find no error because there was not a question
 of entitlement to the funds at the time Wife moved to compel payment.  See Rule 67, SCRCP (allowing a judgment debtor to avoid further accrual of post
 judgment interest pending the resolution of an appeal from the judgment by
 depositing the judgment with the court); S.C. Dep't of Transp. v. First
 Carolina Corp. of S.C., 369 S.C. 150, 153, 631 S.E.2d 533, 535 (2006)
 ("The granting of leave to deposit money with the court pursuant to Rule
 67, SCRCP is a matter within the discretion of the trial court and will not be
 overturned absent an abuse of that discretion." (citation omitted)).
6.  As to whether
 the family court erred by awarding Wife prejudgment interest on the money
 judgment for underpayment of wages, we find Wife did not waive her right to
 seek prejudgment interest.  See Osterneck v. Ernst & Whinney,
 489 U.S. 169, 175 (1989) (holding a motion for prejudgment interest filed after
 the entry of judgment constitutes a Rule 59(e), SCRCP, motion to alter or amend
 the judgment).  However, we remand the award for reconsideration after making
 the findings herein regarding the salary provision.  See Babb v.
 Rothrock, 310 S.C. 350, 353, 426 S.E.2d 789, 791 (1993) ("The law
 allows prejudgment interest on obligations to pay money from the time when,
 either by agreement of the parties or operation of law, the payment is
 demandable, if the sum is certain or capable of being reduced to
 certainty." (citation omitted)).
7.  As to whether
 the family court erred by awarding Wife $4,504.62 in attorney's fees in connection
 to Wife's motion to compel, we find no error.[1]  See High v. High, 389 S.C. 226, 249, 697 S.E.2d 690, 702 (Ct.
 App. 2010) (providing the award of attorney's fees in a domestic action rests
 within the sound discretion of the family court and will not be reversed absent
 an abuse of discretion); Dickert v. Dickert, 387 S.C. 1, 1011, 691 S.E.2d
 448, 453 (2010) (holding the family court did not abuse its discretion in
 awarding attorney's fees when it properly considered the E.D.M. and Glasscock factors).
8.  As to whether
 the family court erred by finding Husband was not required to reimburse Wife
 for underpaying the mortgage on the marital home, we find the family court
 correctly determined Husband was not responsible under the Agreement for paying
 the increase in mortgage payments that occurred from Wife's refinancing of the
 marital home.  See Miles v. Miles, 393 S.C. 111, 117, 711 S.E.2d
 880, 883 (2011) (holding the interpretation of marital agreements is a matter
 of contract law); Nicholson v. Nicholson, 378 S.C. 523, 532, 663 S.E.2d
 74, 79 (Ct. App. 2008) ("The court's only function with an agreement that
 is clear and capable of legal construction is to interpret its lawful meaning
 and the intention of the parties as found within the agreement and to give them
 effect." (citation omitted)).
9.  As to whether the family court erred by granting Husband a setoff
 in the amount of $23,875.00 for money Husband paid to repair Wife's non-marital
 home, and a setoff in the amount of $2,800.00 for money that Husband paid for
 therapy expenses, we find no error.  See Smith v. Smith, 386 S.C.
 251, 261, 687 S.E.2d 720, 726 (Ct. App. 2009) ("[N]o family court rule
 governs the construction of pleadings."); Rule 2(a), SCRFC (providing the
 rules of civil procedure apply in domestic relations actions with limited
 exceptions); Rule 8(c), SCRCP (requiring a party to set forth any affirmative
 defenses in the pleadings); Broome v. Watts, 319 S.C 337, 342, 461
 S.E.2d 46, 49 (1995) ("Rule 8(c) does not list setoff as an affirmative
 defense which must be pled in order to be pursued at trial."); Rule 8(f),
 SCRCP (providing all pleadings must be construed to provide substantial justice
 to all parties); Smalls v. S.C. Dep't of Educ., 339 S.C. 208, 219, 528
 S.E.2d 682, 688 (Ct. App. 2000) ("The trial court's jurisdiction to set
 off one judgment against another is equitable in nature and should be exercised
 when necessary to provide justice between the parties." (citation omitted)).
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.

[1] This award of attorney's fees is completely separate
 from the award of attorney's fees in connection with Wife's rule to show cause.